IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-20872
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM KENNETH PEEBLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-3-1
--------------------
October 16, 2001

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

William Kenneth Peebles appeals his conditional guilty-plea
conviction and sentence for possession of child pornography.

In accordance with the reservation of rights in his plea
agreement, Peebles contends that the definition of "child
pornography" in the Child Pornography Protection Act (CPPA) is
unconstitutionally overbroad and vague because it includes any
visual depiction that "appears to be, of a minor engaging in
sexually explicit conduct."  18 U.S.C. § 2256(8)(B) (emphasis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

added). Peebles concedes that this argument is foreclosed by United States v. Fox, 248 F.3d 394, 403-07 (5th Cir. 2001), which held the definition not to be overbroad or vague. Peebles raises the issue only to preserve it for possible Supreme Court review.

Peebles contends there is no factual basis for his plea because the record does not establish that the pornographic images were "transported in interstate or foreign commerce." See 18 U.S.C. § 2252A(a)(2). The factual basis written into the plea agreement and established at the plea hearing showed that Peebles downloaded the images onto a computer and through a network server that transmitted the images across state lines. The district court complied with Rule 11(f) by "making such inquiry as [satisfied] it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f).

Peebles challenges the special condition of supervised release that requires him to register as a sex offender in accordance with state law. Peebles validly waived any appeal of his sentence except for an upward departure from the guidelines. See Fed. R. Crim. P. 11(c)(6); see United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999). The district court was required by 18 U.S.C. § 3583(d) to make sex-offender registration a condition of Peebles's supervised release. Therefore the requirement was not an "upward departure," and Peebles therefore waived his right to appeal it.

The conviction and sentence are AFFIRMED.