IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 00-20872
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM KENNETH PEEBLES,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas
_____

June 21, 2002

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

BY THE COURT:

The Supreme Court of the United States, by order in No. 01-1058, William Kenneth Peebles v. United States, granted appellant's petition for a writ of *certiorari*, vacated the judgment in the case, and remanded it to us for further consideration in the light of Ashcroft v. Free Speech Coalition, 535 U.S. ___ (2002).

IT IS ORDERED that the captioned case be and it is hereby remanded to the United States District Court for the Southern District of Texas for further proceedings and disposition consistent with the aforesaid order of the Supreme Court.

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____


No. 00-20872

Summary Calendar

_____



UNITED STATES OF AMERICA,


                                        Plaintiff-Appellee,


versus


WILLIAM KENNETH PEEBLES,


                                        Defendant-Appellant.


--------------------

Appeal from the United States District Court

for the Southern District of Texas

USDC No. H-00-CR-3-1

--------------------

October 16, 2001

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

William Kenneth Peebles appeals his conditional guilty-plea conviction and sentence for possession of child pornography.

In accordance with the reservation of rights in his plea agreement, Peebles contends that the definition of "child pornography" in the Child Pornography Protection Act (CPPA) is unconstitutionally overbroad and vague because it includes any visual depiction that "appears to be, of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(B) (emphasis added). Peebles concedes that this argument is foreclosed by United States v. Fox, 248 F.3d 394, 403-07 (5th Cir. 2001), which held the definition not to be overbroad or vague. Peebles raises the issue only to preserve it for possible Supreme Court review.

Peebles contends there is no factual basis for his plea because the record does not establish that the pornographic images were "transported in interstate or foreign commerce." See 18 U.S.C. § 2252A(a)(2). The factual basis written into the plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement and established at the plea hearing showed that Peebles downloaded the images onto a computer and through a network server that transmitted the images across state lines. The district court complied with Rule 11(f) by "making such inquiry as [satisfied] it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f).

Peebles challenges the special condition of supervised release that requires him to register as a sex offender in accordance with state law. Peebles validly waived any appeal of his sentence except for an upward departure from the guidelines. See Fed. R. Crim. P. 11(c)(6); see United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999). The district court was required by 18 U.S.C. § 3583(d) to make sex-offender registration a condition of Peebles's supervised release. Therefore the requirement was not an "upward departure," and Peebles therefore waived his right to appeal it.

The conviction and sentence are AFFIRMED.