IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20129
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.


LARRY GILBERT SNOW,

Defendant-Appellant.


-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
-------------------------------------------------------------

October 4, 2002

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

BY THE COURT:

The Supreme Court of the United States, by order in No. 01-7495, Larry Gilbert Snow v. United States, granted appellant's petition for a writ of *certiorari,* vacated the judgment in the case, and remanded it to us for further consideration in light of Ashcroft v. Free Speech Coalition, 152 L. Ed. 2d 403, 122 S. Ct. 1389 (2002).

Considering our prior decisions remanding two cases that were returned to us on the same basis, as well as the state of the record on appeal, we order that this case also be returned to the district court for further review and action as necessary.  See United States v. Tampico, 297 F.3d 396 (5th Cir. 2002); United States v. Peebles, 296 F.3d 325 (5th Cir. 2002).

IT IS ORDERED that the captioned case be and it is hereby remanded to the United States District Court for the Southern District of Texas for further proceedings and disposition consistent with the aforesaid order of the Supreme Court.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 01-20129
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY GILBERT SNOW,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-537-ALL
--------------------
October 9, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry Gilbert Snow appeals his conviction and sentence for possession of child

pornography in violation of 18 U.S.C.        § 2252A(a)(5)(B).  He contends that the statute of

conviction is unconstitutionally vague and overbroad.  This argument is foreclosed by circuit

precedent.  See United States v. Fox, 248 F.3d 394, 406-07 (5th Cir. 2001).  Although the issue

is pending before the Supreme Court, this court must continue to follow its own precedent even

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when the Supreme Court grants certiorari on an issue.  See Ellis v. Collins, 956 F.2d 76, 79 (5th Cir. 1992).

Snow contends that the district court erred in applying U.S.S.G. § 2G2.2, the guideline governing pornography trafficking, in calculating his base offense level.  The facts as set forth in the presentence investigation report reveal that Snow had sent a pornographic image to a customs agent, had admitted to sending and receiving images on the morning agents searched his home, and had sent images to another individual.  Snow contends that the district court should not have considered his transmission of an image to the customs agent because the agent contacted him first, and using that to enhance his sentence would constitute sentencing entrapment.  This court has not had to determine whether sentencing entrapment is a cognizable defense to a sentence.  United States v. Washington, 44 F.3d 1271, 1280 n.28 (5th Cir. 1995).  However, even if it were considered here, Snow has failed to show that the government agent persuaded Snow to commit a greater criminal offense than he was predisposed to commit or that the agent's conduct was outrageous, resulting in sentencing factor manipulation.  See United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir. 1998).  Snow's challenge to the base offense level fails.

Snow also asserts that the district court abused its discretion in imposing a special condition of supervised release which prohibited Snow from possessing a personal computer or accessing any non-work-related computer.  To the extent that Snow is challenging the denial of Internet access from a home computer, his challenge would be foreclosed by his specific request to place this restriction on him.  To the extent that he is challenging the court's refusal to allow him to possess a home computer, Snow cannot show an abuse of discretion on the part of the district court, as he has failed to show that the limitation is unreasonably broad under the facts of the case.  See United States v. Coenen, 135 F.3d 938, 940 (5th Cir. 1998); U.S.S.G.

§ 5D1.3(b). To the extent that Snow is challenging the district court's limitation of his use of non-home computers that are not related to his employment, he failed to challenge that limitation in the district court, and review would be for plain error. See United States v. Ruiz, 43 F.3d 985, 988 (5th Cir. 1995). The district court's explanation of its intent behind the restriction makes it apparent that although the use of non-home computers was not favored, the court accepted the possibility that Snow could do so. Under the facts of this case, Snow has failed to show that the special condition constituted a "greater deprivation of liberty than is reasonably necessary" for the purposes of rehabilitation and protection of the public. See U.S.S.G. § 5D1.3(b). Consequently, the district court's judgment is AFFIRMED.