# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3744

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　　*　District of Missouri.
Marcus Reid,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Defendant - Appellant.　　*

_____

Submitted: April 14, 2009
Filed: April 22, 2009

_____

Before MURPHY, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Marcus Reid pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). At sentencing, the district court applied a four-level enhancement for using or possessing a firearm in connection with another felony offense, U. S. Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6), and a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury to another in the course of fleeing from law enforcement, U.S.S.G.

§ 3C1.2. On appeal, Reid argues application of both Guidelines provisions constitutes impermissible double counting. We affirm.[1]

In the afternoon on December 12, 2007, Reid carjacked a vehicle and put a handgun to the head of the vehicle's occupant before releasing him. Several hours later, on the evening of the same day, police observed a vehicle driving erratically and attempted to effect a stop. The driver, Reid, accelerated and police gave chase. In the course of the pursuit, Reid drove the wrong way on numerous one-way streets, drove without headlights, and drove the wrong way on a busy highway at speeds exceeding 80 miles per hour. While on the highway, Reid nearly struck police officers who were attempting to stop the vehicle. Reid eventually stopped and was taken into custody. A search of the vehicle uncovered a loaded .357 magnum revolver.

The presentence investigation report recommended a four-level sentencing enhancement for possessing a firearm in connection with another felony offense, § 2K2.1(b)(6), and a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury in the course of fleeing from police, § 3C1.2. The district court adopted the recommended enhancements, concluding the four-level enhancement was warranted because Reid held a handgun to the head of the vehicle occupant during the carjacking. It further concluded the two-level enhancement was warranted because, hours later during the police pursuit Reid's reckless attempts to evade capture placed police and the public at substantial risk. On appeal, Reid argues the application of the enhancements together constitutes impermissible double counting.

We review the imposition of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. __, 128 S. Ct. 586, 591 (2007). In so doing, we review "both

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). A district court commits procedural error by failing to calculate or improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 128 S. Ct. at 597. We review the district court's findings of fact for clear error, United States v. Hunt, 171 F.3d 1192, 1195-96 (8th Cir. 1999), and its interpretation and application of the Guidelines de novo, United States v. Searcy, 233 F.3d 1096, 1099 (8th Cir. 2000).

The district court did not commit procedural error by applying both § 2K2.1(b)(6) and § 3C1.2. "Double counting occurs when 'one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.'" United States v. Pena, 339 F.3d 715, 719 (8th Cir. 2003) (quoting United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)) (internal quotation marks omitted). A district court does not double count by enhancing an offense level for two or more reasons when those reasons "address conceptually separate sentencing notions." United States v. Phillips, 506 F.3d 685, 688 (8th Cir. 2007). The district court in this instance applied the enhancements for two distinct sentencing notions. The first addressed Reid's conduct in putting a handgun to the head of the vehicle's occupant in the course of committing the carjacking. The second, based upon conduct occurring several hours later, addressed the significant risk of harm created by Reid's flight from police.

The judgment of the district court is affirmed.

_____