**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

No. 10-31273
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MACHUCA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-321-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Machuca appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. He contends that the district court plainly erred in failing to recognize that he was a victim of sentencing entrapment. Because Machuca did not raise this issue in the district court, we review for plain error. *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have yet to decide whether sentencing entrapment is a viable defense. *United States v. Snow*, 309 F.3d 294, 295 (5th Cir. 2002) (citing *United States v. Washington*, 44 F.3d 1271, 1280 & n.28 (5th Cir. 1995)).  Because the viability of a sentencing entrapment defense remains unresolved in this circuit and other circuits have reached divergent conclusions on this issue, Machuca cannot demonstrate that the district court was derelict in failing to raise it sua sponte. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).  Therefore, the alleged error is neither clear nor obvious, and Machuca has failed to show plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  Accordingly, the district court's judgment is AFFIRMED.