# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

No. 10-41105
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS SALDIVAR,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-23-8

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Carlos Saldivar appeals his guilty plea conviction and 120-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He contends that the district court erroneously sentenced him based on the negotiated amount of cocaine rather than the amount of cocaine actually delivered.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41105

Saldivar's contention is barred by the waiver-of-appeal provision in his plea agreement, which was knowing, voluntary, and enforceable. *See United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); FED. R. CRIM. P. 11(b)(1)(N). To the extent that Saldivar contests the sufficiency of the factual basis with respect to drug quantity, which we can consider despite the appellate waiver, *see United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008), and even if this claim were not abandoned by Saldivar's failure to address it in his brief or reply brief, he has not shown that the district court plainly erred in finding that the factual basis was sufficient to support his guilty plea, *see United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). In his statement of facts, Saldivar stipulated that he knowingly and intentionally agreed to possess with intent to distribute at least five kilograms but less than 15 kilograms of cocaine; that the conspiracy involved at least five kilograms but less than 15 kilograms of cocaine; that he agreed to sell 10 kilograms of cocaine to a cooperating defendant; and that he delivered one kilogram of cocaine to that defendant and agreed to deliver nine additional kilograms if that defendant liked the quality. Moreover, at rearraignment, Saldivar stated that everything in the factual statement was true and correct. Saldivar therefore has failed to establish that the district court committed plain error in determining that a sufficient factual basis supported his guilty plea. *See Castro-Trevino*, 464 F.3d at 541.

Saldivar also asserts that law enforcement engaged in sentence-factor manipulation and, as a result, violated the Due Process Clause. We have yet to decide whether sentencing entrapment is a viable defense. *United States v. Snow*, 309 F.3d 294, 295 (5th Cir. 2002) (citing *United States v. Washington*, 44 F.3d 1271, 1280 & n.28 (5th Cir. 1995)). As the viability of a sentencing entrapment defense remains unresolved in this circuit, Saldivar cannot show that any error made by the district court with respect to this issue was plain error. *See United States v. Trejo*, 610 F.3d 308, 319; *United States v. Salinas*,

No. 10-41105

480 F.3d 750, 759 (5th Cir. 2007).  Accordingly, the district court's judgment is AFFIRMED.