**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38115**

| | | |
|---|---|---|
| **RICKIE D. OLIVER,** | ) | **2011 Unpublished Opinion No. 689** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 9, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment summarily dismissing action for post-conviction relief, <u>affirmed</u>.

Rickie D. Oliver, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Rickie D. Oliver appeals from the summary dismissal of his petition for post-conviction relief. He asserts that he demonstrated a viable claim of ineffective assistance of counsel based on his attorney's failure to raise a sentencing entrapment defense and that the district court erred both by denying his request for counsel and by summarily dismissing his petition.

**I.**

**BACKGROUND**

Oliver was charged with three counts of trafficking in a controlled substance under Idaho Code § 37-2732B(a)(2) after selling cocaine to an undercover police officer. At trial, Oliver presented an entrapment defense. He testified that he had "[n]ever done anything like that before," and that he only sold the cocaine after he was pressured into the deals by a friend, who turned out to be a confidential informant for the police. A jury found him guilty on all counts, rejecting his entrapment defense. The district court imposed concurrent sentences of fifteen

1

years with five years determinate on the first count, seventeen years with five years determinate on the second count, and twenty-five years with twelve years determinate on the third count.

Oliver thereafter filed a petition for post-conviction relief and a motion for appointment of counsel. In his petition, Oliver asserted ineffective assistance of counsel based on, among other things, his defense attorney's failure to present a sentencing entrapment defense during trial and sentencing. The district court declined to appoint counsel and, two months later, granted the State's motion for summary dismissal. Oliver appeals, challenging both the denial of counsel and the summary dismissal.

## II.

## ANALYSIS

### A. Summary Dismissal

An application for post-conviction relief is civil in nature. *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007). Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to the motion of a party or upon the court's own initiative. Summary dismissal of a post-conviction action is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). "When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227

P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)). *See also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

Oliver asserts that his trial counsel was ineffective because he presented a traditional entrapment defense at trial instead of raising a defense of sentencing entrapment or sentencing manipulation. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

It is unclear whether Oliver asserts on appeal that his counsel should have presented sentencing entrapment as an affirmative defense to be raised at trial or as a mitigating factor to be raised at sentencing. Regardless of which argument Oliver intended, he did not demonstrate that he could be entitled to relief, because he has not shown that his counsel was deficient for failing to raise sentencing entrapment even if all the facts that Oliver alleges are true.

Under the traditional entrapment doctrine, which was employed at Oliver's trial, "entrapment occurs when an otherwise innocent person, not inclined to commit a criminal offense, is induced to do so by a state agent who, desiring grounds for prosecution, originates the criminal design and implants in the mind of the innocent person the disposition to commit the alleged offense." *Suits v. State*, 143 Idaho 160, 162, 139 P.3d 762, 764 (Ct. App. 2006). *See also State v. Canelo*, 129 Idaho 386, 391, 924 P.2d 1230, 1235 (Ct. App. 1996); *State v. Kopsa*, 126 Idaho 512, 519, 887 P.2d 57, 64 (Ct. App. 1994). Sentencing entrapment occurs when "a

3

defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment."[1] *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994). The sentencing entrapment theory was originally recognized as a remedy for the potentially harsh results of the federal sentencing guidelines, allowing courts to depart from the guidelines in order to sentence defendants on the "basis of the extent of their culpability." *Id.* at 1107. Thus, federal courts could grant a downward departure when necessary to prevent abusive practices such as manipulation of the price and quantity of drugs involved in a government controlled drug transaction, whereby the police could induce participation by setting an artificially low or high price and ultimately determine the sentence by adjusting the quantity involved to accord with the desired sentence under the federal sentencing guidelines. *Id.* at 1106-08. *See also* U.S. Sentencing Guidelines Manual § 2D1.1 cmt. 12, 14 (1993). The Ninth Circuit Court of Appeals expressed willingness to "decline to apply the statutory penalty provision for the greater offense that the defendant was induced to commit, and instead apply the penalty provision for the lesser offense that the defendant was predisposed to commit." *United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir. 1997). *See also United States v. Ramirez-Rangel*, 103 F.3d 1501, 1507-08 (9th Cir. 1997), *abrogated on other grounds by Watson v. United States*, 552 U.S. 74 (2007).

Oliver is incorrect in his contention that sentencing entrapment "is relatively well known and exists in our own and other Circuits throughout the United States as a legitimate albeit affirmative defense." Although the doctrines of sentencing entrapment and sentence factor manipulation are suggested by the comments 12 and 14 to the U.S. Sentencing Guidelines Manual § 2D1.1, our research indicates that these doctrines have been adopted by only a minority of federal jurisdictions[2] and by appellate courts of only three states.[3] Courts of at least

---

[1]  The Ninth Circuit cases to which Oliver refers do not distinguish between "sentencing entrapment" and "sentence factor manipulation." *See, e.g.*, *United States v. Riewe*, 165 F.3d 727, 729 (9th Cir. 1999). However, other courts have explained that a defendant's predisposition is the focus of a sentencing entrapment defense, but outrageous government conduct is the focus of a sentence factor manipulation defense. *E.g.*, *State v. Soto*, 562 N.W.2d 299, 305 (Minn. 1997).

[2]  The defense of sentencing entrapment has been recognized by the First, Seventh, Eighth and Ninth Circuits. *See United States v. Mandel*, 647 F.3d 710, 720 n.3 (7th Cir. 2011); *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009); *United States v. Searcy*, 233 F.3d 1096, 1099 (8th Cir. 2000); *United States v. Woods*, 210 F.3d 70, 75 (1st Cir. 2000). The Third, Fifth,

fifteen other states that have addressed the issue in appellate decisions have determined that sentencing entrapment is not a recognized defense.[4]  Most importantly, neither sentencing

Sixth, Eleventh, and D.C. Circuits have not recognized sentencing entrapment. *See United States v. Guest*, 564 F.3d 777, 781 (6th Cir. 2009); *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007); *United States v. Tykarsky*, 446 F.3d 458, 476 n.13 (3d Cir. 2006); *United States v. Hinds*, 329 F.3d 184, 188 (D.C. Cir. 2003); *United States v. Snow*, 309 F.3d 294, 295 (5th Cir. 2002); *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000).

     In *United States v. Beltran*, 571 F.3d 1013 (10th Cir. 2009), the court summarized the varying approaches to claims of sentencing manipulation taken by other federal circuit courts of appeal:

> The Sixth and D.C. Circuits categorically reject the doctrine of sentencing factor manipulation and do not consider such claims, while the Second, Third, Fourth, Fifth and Seventh Circuits have not expressly accepted or rejected a defense of sentencing factor manipulation. *United States v. Guest*, 564 F.3d 777 (6th Cir. 2009); *United States v. Tykarsky*, 446 F.3d 458 (3d Cir. 2006); *United States v. Snow*, 309 F.3d 294 (5th Cir. 2002); *United States v. Gomez*, 103 F.3d 249 (2d Cir. 1997); *United States v. Walls*, 70 F.3d 1323 (D.C. Cir. 1995); *United States v. Okey*, 47 F.3d 238 (7th Cir. 1995); *United States v. Jones*, 18 F.3d 1145 (4th Cir. 1994). The Ninth Circuit permits district courts to depart downward if a defendant can establish "imperfect entrapment," which is not a complete defense to a criminal charge but may provide a basis for a downward departure at sentencing. *United States v. Mejia*, 559 F.3d 1113 (9th Cir. 2009). The First and Eighth Circuits recognize the doctrine of sentencing manipulation as a basis for a downward departure in extraordinary cases when the government improperly engages in conduct to expand the scope of a crime. *United States v. Fontes*, 415 F.3d 174 (1st Cir. 2005); *United States v. Shephard*, 4 F.3d 647 (8th Cir. 1993). The Eleventh Circuit . . . considers whether the certain sentencing factors should be filtered out or rejected due to the government's outrageous conduct. *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007).

*Beltran*, 571 F.3d at 1019 n.1.

[3]    *State v. Foster*, 592 S.E.2d 259, 264 (N.C. Ct. App. 2004), *aff'd by equally divided court*, 604 S.E.2d 913 (N.C. 2004); *Soriano v. State*, 248 P.3d 381, 397 (Okla. Crim. App. 2011); *Commonwealth v. Kittrell*, 19 A.3d 532, 539 (Pa. Super. Ct. 2011).

[4]    *State v. Monaco*, 83 P.3d 553, 557 (Ariz. Ct. App. 2004); *Ford v. State*, 257 S.W.3d 560, 562 (Ark. Ct. App. 2007); *People v. Smith*, 80 P.3d 662, 665 (Cal. 2003); *Kelley v. State*, 821 So. 2d 1255, 1257 (Fla. Dist. Ct. App. 2002); *State v. Yip*, 987 P.2d 996, 1010 (Haw. Ct. App. 1999); *Beavers v. State*, No. 20A03–0911–CR–523, 2010 WL 1923793 (Ind. Ct. App. May 13, 2010); *State v. Phillips*, Nos. 0-092, 99-444, 2000 WL 328074 (Iowa Ct. App. Mar. 29, 2000); *Commonwealth v. Saletino*, 871 N.E.2d 455, 461 (Mass. 2007); *People v. Claypool*, 684 N.W.2d 278, 283-84 (Mich. 2004); *State v. Soto*, 562 N.W.2d 299, 305 (Minn. 1997), *Nadon v. State*, No. 53232, 2010 WL 3385599 (Nev. June 9, 2010); *State v. Reno*, No. 04CA2759, 2005 WL 674455

entrapment nor sentence factor manipulation has ever been recognized in Idaho.[5] It is generally not deficient performance for an attorney to fail to argue a novel theory in an undeveloped area of the law. *Schoger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2010); *Piro v. State*, 146 Idaho 86, 91-92, 190 P.3d 905, 910-11 (Ct. App. 2008). Thus, Oliver has failed to demonstrate that his counsel's conduct fell below an objective standard of reasonableness when counsel did not raise a sentencing entrapment or sentencing manipulation defense because Idaho law does not recognize either. The district court correctly concluded that even if all the facts alleged by Oliver are true, he is not entitled to relief. Oliver's allegations did not demonstrate even the possibility of a valid claim.

Additionally, we note that even if sentencing entrapment were a recognized defense in Idaho, Oliver would have no legitimate claim that his attorney was deficient for rejecting it in favor of the full entrapment defense that was employed. Strategic decisions of counsel will not be second-guessed unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review. *State v. Osborne*, 130 Idaho 365, 372-73, 941 P.2d 337, 344-45 (Ct. App. 1997). In *Osborne*, we held "the decision to pursue one of two mutually inconsistent defenses was strategic, and failing to pursue the other defense does not give rise to an ineffective assistance of counsel claim." *Id.* at 373, 941 P.2d at 345. Similarly, the choice between asserting a traditional entrapment defense that could potentially result in a full acquittal, or a sentencing entrapment defense that could bring only conviction of a lesser offense, is a strategic one. Oliver asserts that the "facts in this case simply would never have supported an affirmative defense of entrapment" because the trial evidence demonstrated that he was an addicted drug user with a propensity to sell small quantities of drugs. He cites evidence that he had been *buying* cocaine for "a lengthy period of time prior to police involvement" in one-half to one-ounce quantities, and that the undercover

---

(Ohio Ct. App. Mar. 14, 2005); *State v. Blackmon*, 78 S.W.3d 322, 331 (Tenn. Crim. App. 2001); *Watrous v. State*, No. 14-96-00853-CR, 1999 WL 93180 (Tex. Ct. App. Feb, 25, 1999); *State v. Alderman*, 709 N.W.2d 111 (Table) (Wis. Ct. App. 2005).

[5]     In *State v. Henry*, 138 Idaho 364, 366 n.3, 63 P.3d 490, 492 n.3 (Ct. App. 2003), we declined to address a claim of sentencing entrapment because it was not preserved for appeal, without expressing any opinion on the applicability of the doctrine in the Idaho courts. We similarly express no opinion here.

officer and confidential informant called him approximately 785 times over a period of three months to ask him to sell cocaine. These facts, even if true, do not demonstrate that a decision to rely upon an entrapment defense instead of a sentencing entrapment defense was unreasonable. Oliver testified at trial that he had never done anything like this before and had not wanted to be involved in the transactions, but that he was pressured into selling drugs to the undercover officer while he was ill and susceptible to persuasion. Because there were facts that a reasonable attorney could present at trial to support either a traditional entrapment or a sentencing entrapment defense, the choice between these mutually exclusive defenses would be a matter of strategy. Oliver presented only conclusory arguments that the decision not to pursue a sentencing entrapment defense was due to inadequate preparation or ignorance of the law, and was not a sound strategic decision. Even if the sentencing entrapment defense was recognized in Idaho, the district court would not have been required to accept Oliver's conclusory arguments unsupported by admissible evidence. Thus, the summary dismissal of Oliver's claim still would not have been erroneous.

## C. Appointment of Counsel

A request for appointment of counsel in a post-conviction proceeding is governed by Idaho Code § 19-4904, which provides that a court-appointed attorney "may be made available" to an indigent applicant. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007); *Gonzales v. State*, 151 Idaho 168, 171, 254 P.3d 69, 72 (Ct. App. 2011). The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Hust v. State*, 147 Idaho 682, 683, 214 P.3d 668, 669 (Ct. App. 2009); *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). In its analysis, the district court should consider that applications filed by a pro se applicant may be conclusory and incomplete. *See Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

Having already concluded that Oliver's petition does not allege facts showing the possibility of a valid claim because the sentencing entrapment defense has not been recognized in Idaho, we hold that the district court did not err when it denied Oliver's request for appointment of counsel.

## III.
## CONCLUSION

We affirm the district court's order denying Oliver's request for appointment of counsel, and the district court's order summarily dismissing Oliver's petition for post-conviction relief.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**