**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36625**

| | |
|---|---|
| JUAN MIGUEL GONZALES, | ) |
| | ) **2011 Opinion No. 19** |
| Petitioner-Appellant, | ) |
| | ) **Filed: April 12, 2011** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

Juan Miguel Gonzales appeals from the district court's order summarily dismissing his application for post-conviction relief. Specifically, Gonzales challenges the district court's denial of his request for appointment of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Gonzales pled guilty to one count of lewd and lascivious conduct with a minor under sixteen years of age. I.C. § 18-1508. Prior to sentencing, the district court ordered Gonzales to undergo to a psychosexual evaluation. During the psychosexual evaluation, Gonzales submitted to a polygraph test and admitted to additional sexual contact with the victim. Based in part on the unfavorable results of the psychosexual evaluation and polygraph test, the district court sentenced Gonzales to a unified term of twenty years, with a minimum period of confinement of five years. Gonzales appealed, challenging only the reasonableness of his sentence, which this

1

Court affirmed in an unpublished opinion. *State v. Gonzales*, Docket No. 35211 (Ct. App. Jan. 12, 2009).

Gonzales filed a motion for appointment of counsel and a pro se application for post-conviction relief, seeking an evidentiary hearing and vacation of his judgment of conviction. Gonzales's application alleged that his trial counsel was ineffective for failing to advise him against participating in the court-ordered psychosexual evaluation and for failing to arrange an independent, confidential psychosexual evaluation for use by the defense. The district court issued a notice of intent to dismiss Gonzales's application and conditionally denied Gonzales's request for post-conviction counsel. In its notice, the district court gave Gonzales twenty days to provide admissible evidence in support of his claims. Gonzales filed a response to the district court's notice of intent to dismiss. After considering the response, the district court denied Gonzales's request for counsel and dismissed his application. Gonzales appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative.

2

Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

### III.

### ANALYSIS

In his application for post-conviction relief, Gonzales alleged that his trial counsel was ineffective for failing to advise Gonzales against participating in the court-ordered psychosexual evaluation and for failing to arrange an independent psychosexual evaluation. On appeal, Gonzales asserts that the district court erred by denying his request for appointment of counsel to assist him with his post-conviction ineffective assistance of counsel claims. In addition, Gonzales contends that the district court erred by summarily dismissing his application for post-conviction relief.

3

**A.     Appointment of Counsel**

In his pro se application for post-conviction relief, Gonzales requested the appointment of post-conviction counsel. The district court denied Gonzales's request, concluding that Gonzales's claims of ineffective assistance of counsel were frivolous and that Gonzales had failed to set forth any facts showing the possibility of a valid claim in his application, his response to the district court's notice of intent to dismiss, and the accompanying affidavits.

If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Charboneau,* 140 Idaho at 792, 102 P.3d at 1111; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether an applicant for post-conviction relief is entitled to court-appointed counsel before denying the application on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Id.* In its analysis, the district court should consider that applications filed by a pro se applicant may be conclusory and incomplete. *See id.,* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show

4

that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long-adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### 1. Participation in court-ordered psychosexual evaluation

Gonzales argues that the district court erred by denying his request for post-conviction counsel on his claim that trial counsel was ineffective for failing to advise against Gonzales's participation in the court-ordered psychosexual evaluation. In his application, Gonzales asserted that his participation in the court-ordered evaluation had no strategic value and posed an unnecessary risk. In its notice of intent to dismiss, the district court noted that Gonzales was informed of his right to remain silent and understood that right. The district court relied in part on the following exchange, which occurred at the guilty plea hearing:

| | |
|---|---|
| The Court: | Now, sir, when we conclude here today, I will be ordering a presentence investigation report. Given the nature of the offense, I will also be ordering a psychosexual evaluation. |
| | Sir, while you have waived your right to remain silent for the purposes of the change of plea, do you understand that you retain your right to remain silent as far as your participation in the presentence investigation interview as well as your participation in the psychosexual evaluation? |
| [Gonzales]: | Yes, Your Honor. |
| The Court: | Do you understand that you can say as little or as much or nothing at all in those interviews? |
| [Gonzales]: | Yes, Your Honor. |
| The Court: | However, do you understand that it's the information that I receive in those interviews and those reports upon which I base my determination as to what an appropriate sentence would be? |

5

[Gonzales]: Yes, Your Honor.

In light of this exchange, the district court advised Gonzales that it intended to dismiss his application. The district court gave Gonzales twenty days to provide admissible evidence to demonstrate that Gonzales did not understand his right to remain silent or to establish that trial counsel's performance was otherwise deficient. In response, Gonzales provided a letter from Gonzales's former appellate counsel, who represented Gonzales in his first appeal. The letter expressed appellate counsel's belief that trial counsel may have been ineffective because Gonzales's participation in the court-ordered evaluation had no strategic value and posed an unnecessary risk.

In *Estrada v. State,* 143 Idaho 558, 149 P.3d 833 (2006), the Court determined that a defendant's decision to participate in a psychosexual evaluation involves a critical stage and, therefore, a Sixth Amendment right to counsel. *Id.* at 558-59, 149 P.3d at 837-38. Trial counsel must inform a defendant of his or her Fifth Amendment rights in submitting to a psychosexual evaluation and failure to do so may constitute deficient performance. *See id.* at 564, 149 P.3d at 839. In order to establish prejudice, an applicant must demonstrate that there is a reasonable probability that the sentence would have been more favorable had the psychosexual evaluation not been included at sentencing. *Hughes v. State*, 148 Idaho 448, 464, 224 P.3d 515, 532 (Ct. App. 2009).

The right to counsel prior to a psychosexual evaluation extends only to advice regarding the defendant's decision whether to submit to the evaluation. *Estrada*, 143 Idaho at 562-63, 149 P.3d at 837-38. Such advice requires counsel to inform the defendant of his or her Fifth Amendment right to remain silent as to the psychosexual evaluation and that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating the defendant's sentence. *Id*. at 564, 149 P.3d at 839. However, an advisory of the full panoply of rights required by *Miranda v. Arizona*, 384 U.S. 436 (1966) is not necessary. *Estrada*, 143 Idaho at 564 n.2, 149 P.3d 839 n.2. Finally, the Sixth Amendment does not require counsel's presence during such an evaluation. *Hughes*, 148 Idaho at 456-57, 224 P.3d at 523-24.

Based upon the colloquy above, the information furnished by the district court in this case satisfied the requirements of *Estrada* prior to Gonzales's participation in the psychosexual evaluation. While it is preferable for counsel to advise a defendant of his right to remain silent and to discuss the consequences of submitting to the evaluation, counsel may not be deficient for

6

failing to readvise the defendant once the sentencing court has done so. It is generally desirable that counsel discuss these significant consequences with a defendant prior to his or her participation in an evaluation. At times, such a discussion may include advising the defendant not to participate in the evaluation. However, what is preferable or desirable does not define what is constitutionally mandated.

Therefore, having determined that Gonzales was fully advised of his rights under *Estrada*, we conclude that Gonzales has failed to raise the possibility of a valid claim of ineffective assistance of counsel regarding his participation in the court-ordered evaluation. Accordingly, the district court did not err by denying Gonzales's request for post-conviction counsel on that claim.

### 2. Separate psychosexual evaluation for use by the defense

Gonzales also asserts that trial counsel was ineffective for failing to arrange his participation in a confidential psychosexual evaluation for use by the defense. Prior to sentencing, trial counsel requested that the district court appoint a specific evaluator to conduct the court-ordered psychosexual evaluation. The district court declined because the evaluator requested by counsel was not on the court's list of certified evaluators. Regardless, trial counsel informed the district court that Gonzales would participate in both the court-ordered evaluation and one conducted for the defense. The record reflects that Gonzales only submitted to the court-ordered evaluation.

On appeal, Gonzales admits that the record does not disclose why the defense evaluation did not take place. In his appellant's brief, Gonzales speculates that, because he paid for the court-ordered evaluation and retained private counsel, trial counsel's failure to arrange a defense evaluation could not have been due to a lack of funding. Relying on the Supreme Court's decision in *Wood*, Gonzales asserts that his trial counsel was ineffective because, without first obtaining a confidential evaluation, trial counsel could not have made an informed decision about whether to advise Gonzales against participating in the court-ordered evaluation.

In *Wood*, the Idaho Supreme Court held that trial counsel was deficient for failing to object to the inclusion of, as part of the presentence report, a psychological evaluation prepared by a doctor appointed to assist in Wood's defense. *Wood*, 132 Idaho at 97, 101, 967 P.2d at 711, 715. The Court further held that trial counsel's failure to object to the doctor's testimony at sentencing was unreasonable. *Id*. at 101, 967 P.2d at 715. *Wood* is distinguishable from this

case because the psychological evaluation in *Wood* had already taken place, but the report had not yet been written at the time of the doctor's testimony. The Court in *Wood* held that trial counsel should have objected to the doctor's testimony and the inclusion of the evaluation as part of the presentence report because trial counsel was not aware of the evaluation's possibly damaging contents. *Id*. Here, the issue is not the inclusion of a possibly damaging defense evaluation. Rather, the issue is whether counsel was deficient for failing to initiate an independent evaluation in the first place. As the Idaho Supreme Court held in *Wood*, once such an evaluation is conducted, trial counsel should be informed as to the evaluation's contents and object to its inclusion at sentencing should it possibly contain incriminating information. *Id.* However, *Wood* does not stand for the proposition that trial counsel is ineffective for failing to arrange an independent evaluation which may reveal incriminating evidence prior to a court-ordered evaluation.

We interpret Gonzales's argument to assert that trial counsel was ineffective for failing to arrange a defense evaluation as part of a proper investigation prior to sentencing. *See State v. Mathews*, 133 Idaho 300, 307, 986 P.2d 323, 330 (1999) (counsel in a criminal case has a duty to conduct adequate investigation). Gonzales fails to cite any authority requiring trial counsel, as part of a presentence investigation, to arrange an independent psychosexual evaluation in order to uncover incriminating evidence so that counsel could prevent the defendant from participating in a subsequent evaluation.[1] Rather, Gonzales contends that trial counsel should have suspected that Gonzales had previous sexual contact with the victim and, as a result, should have arranged an independent evaluation in order to reveal this damaging information prior to the court-ordered evaluation. We conclude that the obligation of counsel, recognized in *Estrada*, to advise the defendant regarding a court-ordered psychosexual evaluation does not extend to an obligation to first obtain a confidential defense evaluation to inform the decision whether to submit to a court-ordered evaluation. Counsel's failure to arrange a defense evaluation in order to prepare for the

---

[1]     Gonzales's claim for ineffective assistance of counsel is distinguished from a claim that trial counsel had failed to arrange an independent evaluation in order to present *mitigating* evidence prior to sentencing. *See Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002). Further, Gonzales does not argue that trial counsel was ineffective for failing to arrange an independent evaluation after Gonzales requested and provided funding for one. Notably, Gonzales provided no information in his application or his affidavits explaining the circumstances surrounding the failure to arrange a psychosexual evaluation for use by the defense.

possible incriminating outcome of a subsequent evaluation does not constitute deficient performance. Therefore, Gonzales has failed to raise the possibility of a valid claim of ineffective assistance of counsel. Accordingly, the district court did not err by denying Gonzales appointment of counsel to pursue that post-conviction claim.

**B.      Summary Dismissal**

We next address the district court's summary dismissal of Gonzales's application for post-conviction relief. Our conclusion that Gonzales did not raise the possibility of a valid claim with his allegations of ineffective assistance of counsel necessarily compels a conclusion that the application did not raise a genuine issue of material fact entitling Gonzales to an evidentiary hearing. Therefore, the district court did not err in summarily dismissing Gonzales's claims that trial counsel was ineffective for failing to advise against Gonzales's participation in the court-ordered psychosexual evaluation and for failing to arrange an independent psychosexual evaluation.

## IV.

## CONCLUSION

Gonzales's application did not raise the possibility of a valid claim of ineffective assistance of counsel based on counsel's failure to advise against Gonzales's participation in the court-ordered psychosexual evaluation or failure to arrange an independent psychosexual evaluation. Thus, Gonzales was not entitled to appointed counsel in his post-conviction action. Additionally, Gonzales's claims of ineffective assistance of counsel did not raise a genuine issue of material fact as to whether he was entitled to post-conviction relief. We therefore affirm the district court's order summarily dismissing Gonzales's application for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING, **CONCURS.**

Chief Judge GRATTON, **SPECIALLY CONCURRING**

I concur with the majority opinion except as to the extent of "advice" which the majority holds counsel must provide relative to participation in a psychosexual evaluation. Specifically, I agree that effective assistance of counsel under *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), "requires counsel to inform the defendant of his or her Fifth Amendment right to remain silent as to the psychosexual evaluation." However, I believe that is all that is required. Consequently, I disagree with the majority's determination that counsel must also advise:

9

"that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating a defendant's sentence."

First, *Estrada* does not go that far. Second, the Fifth Amendment right is the right to remain silent. The *Estrada* Sixth Amendment right is simply a right to have counsel inform the defendant of the Fifth Amendment right. No more. Third, it must be remembered that Idaho is, upon our research, the only jurisdiction to require, under the Sixth Amendment, that counsel provide any information or advice to a defendant regarding his or her Fifth Amendment right to remain silent in the conduct of a psychosexual evaluation. The *Estrada* Sixth Amendment requirement is, thus, very narrow. Fourth, while it may be permissible or even advisable for trial counsel to inform the defendant of how any statements may be used, such advice is not constitutionally dictated. The Fifth Amendment does not speak to any right to know how statements made might be used. Thus, since there is no Fifth Amendment right to be told how statements might be used, there is no Sixth Amendment right--under *Estrada* or otherwise--to be advised by counsel as to how statements might be used. While the warning developed in *Miranda*[1] includes an admonition as to how statements may be used, the *Miranda* Court acknowledged that its warning is a prophylactic measure developed by the Court to protect the right, not define it.

The additional disclosure by counsel required by the majority "that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating a defendant's sentence," includes information as to how any statements will be disclosed "to the court," and how such statements may be used as "consideration in formulating a defendant's sentence." If the majority is holding that the extent of counsel's obligation is, literally, to tell the defendant that the information will be disclosed to the court and the court will use it in considering sentence, the requirement is rather innocuous, although, as pointed out above, not constitutionally required. The majority should make that clear. Otherwise, questions will inevitably arise as to whether counsel must describe how the information provided to the evaluator may be considered by the court in formulating the defendant's sentence. For example, whether counsel must state: (1) that the court may use the information to impose a less favorable

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

10

sentence; or (2) that if the defendant refuses to participate, the court may impose a less favorable sentence because the court would not have information it may deem helpful in fashioning a proper sentence; or (3) how the psychosexual evaluation may result in a less favorable sentence, e.g., disclosures in the psychosexual evaluation or polygraph of other misconduct or deviance; or (4) how the psychosexual evaluation may mitigate the sentence in favor of the defendant. If counsel must state anything beyond the literal requirement "that anything the defendant says to the evaluator will be disclosed to the court for its consideration in formulating a defendant's sentence," then where does the constitution draw the Sixth Amendment right to counsel line?[2] On the other hand, I see no real benefit or constitutional mandate to a requirement that counsel must literally advise the defendant of that which is already expressly known or obvious--that the psychosexual evaluation which the court ordered for sentencing purposes may be used by the court in sentencing the defendant. I would hold that, under *Estrada*, counsel is only required "to inform the defendant of his or her Fifth Amendment right to remain silent as to the psychosexual evaluation."

---

[2]    I certainly agree with the majority conclusion that neither *Estrada* nor the Sixth Amendment require of counsel that which is argued for by Gonzales; which is that not only must counsel advise his or her client of the Fifth Amendment right, but also: (1) advise the client as to whether, under the circumstances, the client should invoke or waive that right; (2) to the extent it could ever be reasonable to advise a defendant to waive the right, counsel cannot act competently in advising the defendant unless and until counsel knows what information is likely to be revealed in the evaluation, and what kind of conclusions might result; and (3) the only way for counsel to gather the evidence necessary to competently advise the defendant as to whether to waive his or her Fifth Amendment rights and participation in the evaluation--or properly prepare for sentencing at all--is to obtain a prior, independent, confidential/privileged evaluation.

11