**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47013**

| | |
|---|---|
| MICHAEL WILLIAM TAPPIN, | ) |
| | ) Filed: October 5, 2020 |
| Petitioner-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Michael William Tappin, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Michael William Tappin appeals from the district court's judgment dismissing his petition for post-conviction relief following an evidentiary hearing on his claim of ineffective assistance of trial counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After the district court summarily dismissed Tappin's petition for post-conviction relief, he appealed. In addressing that appeal, this Court provided the following background related to Tappin's petition:

> As determined in the underlying criminal case, an undercover officer met with Tappin's associate to complete a drug transaction. Tappin's associate could not complete the transaction because he did not have his digital scale. Tappin's associate went to Tappin's house to retrieve the scale from "Mikey." Surveillance officers followed Tappin's associate to Tappin's house. Tappin's associate left

1

the house with the scale and completed the drug transaction with the undercover officer at a nearby location. The surveillance officers continued to observe the house. After Tappin's associate left the house, a vehicle made an illegal U-turn without signaling and parked near the house. Tappin exited the house and got into the passenger seat of the vehicle. The surveillance officers stopped the vehicle. Tappin reached toward his waistband area. The surveillance officers removed Tappin and asked for consent to search him. Tappin consented to a search, and the surveillance officers found ten grams of heroin in his pocket.

The State charged Tappin with conspiracy to traffic in heroin, Idaho Code §§ 37-2732B(a)(6)(C), 18-1701, 37-2732(b), and 19-304; trafficking in heroin, I.C. §§ 37-2732B(a)(6) and 18-204; and possession of drug paraphernalia, I.C. § 37-2734A. Tappin moved to suppress the evidence, arguing the surveillance officers did not have reasonable suspicion to initiate the stop. The district court denied the motion and Tappin pled guilty, reserving the right to appeal the denial of his motion to suppress. Tappin appealed, arguing the surveillance officers did not have reasonable suspicion to extend the scope of the stop. We affirmed the district court, noting that Tappin had not challenged the scope of the stop in the district court. *State v. Tappin*, Docket No. 40377 (Ct. App. Feb. 10, 2014) (unpublished).

Tappin filed a pro se petition for post-conviction relief and affidavit in support, alleging his trial counsel was ineffective for failing to call him as a witness at the hearing on his motion to suppress [to] challenge his consent and the scope of the stop. Tappin also filed a motion for appointment of counsel. The district court denied Tappin's motion for appointment of counsel. The district court noticed its intent to dismiss Tappin's petition. In its notice of intent to dismiss, the court stated that arguments by trial counsel challenging Tappin's consent and the scope of the stop would have failed because the surveillance officers had reasonable suspicion for a drug investigation that independently justified both the search and scope of the stop. Tappin did not timely respond, and the court summarily dismissed his petition. Tappin filed a motion for reconsideration. The court denied Tappin's motion for reconsideration. Tappin appeals.

*Tappin v. State*, Docket No. 43197 (Ct. App. Mar. 15, 2017) (unpublished). In resolving Tappin's appeal, this Court held that the district court erred by denying his request for counsel, vacated the court's summary dismissal order, and remanded the case.

On remand, the district court appointed counsel for Tappin and held an evidentiary hearing. Tappin proceeded to this hearing on his original petition, which alleged that his trial counsel was ineffective for failing to call Tappin as a witness at the suppression hearing to challenge the State's assertion that he had consented to being searched and also that his appellate counsel was ineffective. During the hearing, both Tappin and his trial counsel testified. At the conclusion of the hearing, however, the prosecutor stated that "there has been no evidence presented today regarding appellate counsel's performance. That issue has, in fact, not been

2

argued or touched whatsoever by counsel today." Tappin's post-conviction counsel responded, "I stipulate to that, Your Honor."[1]

Following the hearing, the district court issued a written order denying Tappin's remaining claim for ineffective assistance of trial counsel. Based on its findings, the court concluded Tappin failed to meet his burden of showing his trial counsel's performance was deficient and dismissed Tappin's petition. Proceeding pro se, Tappin timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

---

[1]     Despite this exchange, Tappin challenges the district court for not addressing the merits of his claim for ineffective assistance of appellate counsel. The district court, however, did not rule on this claim because Tappin did not pursue the claim at the evidentiary hearing. As a result, Tappin failed to obtain an adverse ruling on the claim and may not raise the claim for the first time on appeal. *See, e.g.*, *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008) (requiring appellate record reveal adverse ruling forming basis of assignment for appeal); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996) (same); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (ruling issues not raised below may not be considered for first time on appeal).

## III.

## ANALYSIS

### A.     Ineffective Assistance of Trial Counsel

On appeal, Tappin challenges the district court's dismissal of his claim for ineffective assistance of his trial counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Tappin generally asserts on appeal that the district court's factual findings are "in direct conflict with the record." The only specific findings he challenges, however, are that his purported "body movements" when he allegedly denied consent to being searched were "peculiar" and "threatening." These findings relate to the court's analysis of whether Tappin's trial counsel was ineffective for not calling him as a witness at the suppression hearing to testify about Tappin's purported lack of consent to the search. Regarding this issue the court found, among other things, that: (1) the information the State produced in discovery indicated at least two officers reported Tappin had consented to being searched; (2) Tappin's trial counsel was aware Tappin disputed this information; and (3) his trial counsel concluded Tappin's "testimony would not withstand cross-examination," "would damage [Tappin's] position at sentencing," and would subject him "to possible perjury charges."

The district court further found Tappin's trial counsel's "skepticism about [Tappin's] veracity was warranted." The court premised this conclusion on its finding that Tappin's testimony about how he allegedly denied consent to be searched was "far-fetched" and lacked credibility. About his alleged refusal to consent to being searched, Tappin testified at the suppression hearing as follows:

> [T]here was several officers at the scene surrounding.
> And I said, "I don't consent to a search. I'm not going to resist." And I was kind of turning around so that the other officers that were present could hear me. I said, "I'm not going to resist, but in no way consent to the search.
> . . . .
> . . . I didn't turn around in a complete 360, but I was craning pretty well and making sure that the officers that were making contact with the driver--any officers that usually record things. And so I wanted it to be loud so it could be audible that I didn't consent to the search.

The district court specifically found that this testimony was not credible:

> [A]ccording to [Tappin], as he was refusing consent, he turned so that his voice would carry to the other officers--to make sure the other officers heard that he was refusing to consent. *Peculiar body movements of that type would have been unusual and possibly viewed as threatening.* It is not credible that such a grandiose and unusual act would have not been noticed by at least one officer present at the scene and made it into the reports.

(Emphasis added.)

Based on Tappin's testimony, the district court's factual findings that his "body movements" were "peculiar" and "threatening" are not clearly erroneous. Further, to the extent Tappin's challenge to the court's findings urge this Court to address credibility issues, we decline to do so. The rule that credibility findings are solely within the trial court's province is well-established. *See, e.g.*, *Dunlap*, 141 Idaho at 56, 106 P.3d at 382 (stating credibility findings are solely within district court's province).

On appeal, Tappin also generally asserts the district court failed to address issues "that might garner [him] relief." Tappin identifies these issues as including that his trial counsel: (1) "acknowledge[d] his own deficient performance" at the evidentiary hearing on Tappin's petition; (2) was ignorant of the "relevant law" and should have cited *Simmons v. United States*, 390 U.S. 377 (1968); *State v. Lee*, 162 Idaho 642, 402 P.3d 1095 (2017); and *State v. Bishop*, 146 Idaho 804, 203 P.3d 1203 (2009), in support of Tappin's motion to suppress; and (3) should have submitted an affidavit or called Tappin's co-defendant to testify about his lack of consent to be searched.

5

None of these assertions has merit. First, we disagree that Tappin's counsel acknowledged his performance was deficient during the evidentiary hearing. In support of this assertion, Tappin cites to his trial counsel's testimony that: (1) he read the grand jury transcript; (2) he did not recall two particular cases off the "top of [his] head"; and (3) Tappin's motion to suppress challenged the lack of reasonable suspicion for the stop and not Tappin's alleged lack of consent. These citations neither individually nor collectively support Tappin's assertion that his trial counsel admitted his performance was deficient. Second, Tappin has not previously asserted that his trial counsel should have submitted an affidavit about Tappin's lack of consent or called his co-defendant to testify at the suppression hearing, and he may not raise these challenges for the first time on appeal. *See, e.g.*, *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (ruling issues not raised below may not be considered for first time on appeal).

Moreover, these assertions--as well as Tappin's assertion that his trial counsel should have cited *Bishop*, *Lee*, and *Simmons*[2] in support of his motion to suppress--all relate to Tappin's claim that his trial counsel was ineffective for failing to challenge the voluntariness of his consent to a search. The district court, however, properly concluded Tappin's trial counsel's decision not to raise this issue was a strategic decision based on trial counsel's legitimate concern about the veracity of Tappin's description of the events. We agree that Tappin's trial counsel's decision not to raise the issue of consent was strategic, was based on Tappin's lack of veracity, and was not based on inadequate preparation, ignorance of the relevant law, or any other shortcoming. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73 (ruling strategic decision of trial counsel will not be second-guessed unless based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation). Accordingly, Tappin failed to prove that his trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 687-88 (requiring petitioner to prove deficient performance and prejudice).

**B.  Judicial Misconduct**

Tappin's other challenges relate to his contention that the district judge exhibited "a pattern of judicial misconduct" when addressing his claims. On appeal, Tappin provides numerous purported examples of such conduct. He did not, however, file a motion to disqualify

---

[2]     *See Simmons*, 390 U.S. at 389-90 (ruling defendant's testimony in support of motion to suppress inadmissible against him at trial); *Lee*, 162 Idaho at 647, 402 P.3d at 1100 (addressing whether frisk was unlawful); *Bishop*, 146 Idaho at 818, 203 P.3d at 1217 (same).

the district judge. As a result, Tappin failed to preserve the issue for appeal, and this Court declines to consider the issue. *See*, *e.g.*, *Zylstra v. State*, 157 Idaho 457, 468, 337 P.3d 616, 627 (2014) ("In the absence of a motion for disqualification, this Court will not review this issue on appeal.").

## IV.

## CONCLUSION

Tappin did not preserve for appeal his claims of judicial bias and ineffective assistance of appellate counsel. Further, Tappin failed to prove his trial counsel's performance was deficient. Accordingly, we affirm the district court's judgment dismissing Tappin's petition for post-conviction relief.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.