**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48339**

| | |
|---|---|
| PATRICK ANTHONY ZAVALA, | ) |
| | ) **Filed: March 31, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Ferguson Durham PLLC; Craig H. Durham, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Patrick Anthony Zavala appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Zavala asserts that he alleged facts and provided evidence that, if true, would entitle him to relief for ineffective assistance of appellate counsel, and therefore, the district court erred in summarily dismissing his petition. Zavala did not allege a genuine issue of material fact that would entitle him to a hearing; accordingly, the district court did not err. The judgment summarily dismissing Zavala's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Zavala with unlawful possession of a firearm; aggravated assault on a law enforcement officer, enhanced for use of a deadly weapon; two counts of resisting and obstructing an officer; and being a persistent violator. Although initially appointed counsel, Zavala represented himself at trial and was found guilty of all charges. The district court sentenced Zavala

1

to thirty years, with twenty years determinate, for aggravated assault on a law enforcement officer, enhanced for using a firearm in the commission of the crime; thirty years, with five years determinate, for unlawful possession of a firearm, enhanced for being a persistent violator; and one-year sentences on each of the resisting and obstructing charges with the sentences to run concurrently. Zavala appealed, alleging that during his closing argument, the prosecutor committed misconduct rising to the level of fundamental error. This Court held that the prosecutor's statement did not constitute fundamental error and affirmed the judgment of conviction. *State v. Zavala*, Docket No. 44675 (Ct. App. July 2, 2018) (unpublished).

Zavala petitioned for post-conviction relief alleging various claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and illegal sentencing. Although not identified as a separate claim, in his affidavit accompanying the petition, Zavala also stated that despite experiencing mental health issues during the criminal proceedings, the trial court did not sua sponte order an examination to determine Zavala's competency to waive his Sixth Amendment right to counsel and represent himself at trial. The district court appointed post-conviction counsel. After a hearing, the district court granted the State's motion for summary dismissal for all but one of the claims in Zavala's initial petition The district court found that Zavala's petition raised a claim of ineffective assistance of appellate counsel for not asserting a claim on direct appeal about Zavala's competence to represent himself in the criminal proceeding. The State moved for summary dismissal of this claim.

After a hearing on the State's motion for summary dismissal, the district court found that Zavala's behavior during the criminal proceedings did not raise a bona fide doubt about his competency to represent himself at trial such that the trial court should have sua sponte ordered a competency evaluation and held a competency hearing before permitting Zavala to represent himself. The district court noted that Zavala engaged in self-harm a few months prior to trial, expressed dissatisfaction with his appointed counsel, and at times threatened to disrupt proceedings. However, the district court found that Zavala's behavior and responses during pretrial hearings were generally articulate, responsive, and rational. Further, during the final status conference held four days before trial, the trial court questioned Zavala regarding his mental health and Zavala assured the court he was not experiencing any symptoms that would affect his ability to represent himself.

Ultimately, the district court found that Zavala did not exhibit any behavior or otherwise indicate that he was experiencing mental health issues that raised a bona fide doubt about his competency to represent himself at trial. For example, the district court noted that Zavala actively participated in his own defense; raised coherent arguments asserting his innocence; and demonstrated rational thinking, a thorough understanding of the case proceedings, and comprehension of what was expected of him as a self-represented defendant during the criminal proceedings. Accordingly, the district court found that Zavala failed to allege a genuine issue of material fact that appellate counsel was deficient for failing to raise the competency claim on direct appeal or that he was prejudiced by its omission. The district court summarily dismissed Zavala's petition for post-conviction relief. Zavala timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim

3

for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

On appeal, Zavala raises only one claim: the district court erred in summarily dismissing his petition because he alleged a genuine issue of material fact regarding his claim of ineffective assistance of appellate counsel. Appellate counsel was ineffective, according to Zavala, because counsel did not raise the claim that the trial court erred by failing to sua sponte order a competency evaluation or hold a competency hearing prior to permitting Zavala to represent himself at trial. Zavala contends he was prejudiced by this deficiency because, had appellate counsel raised the claim, there is a reasonable probability that he would have prevailed on appeal. In response, the State argues the district court did not err.

To survive a motion for summary dismissal, post-conviction relief claims based upon ineffective assistance of counsel must establish the existence of material issues of fact as to both deficient performance of counsel and prejudice as a result of that performance. *Marsalis v. State*, 166 Idaho 334, 340, 458 P.3d 203, 209 (2020). The right to effective assistance of counsel extends

4

to the defendant's first appeal as a matter of right. *Mintun v. State*, 144 Idaho 656, 658, 168 P.3d 40, 42 (Ct. App. 2007). Thus, a claim of ineffective assistance of appellate counsel, like a claim of ineffective assistance of trial counsel, may properly be brought under the Uniform Post-Conviction Procedure Act. *See id.* To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Appellate counsel does not provide deficient performance by declining to raise all arguments which may have support in the record because the hallmark of effective appellate advocacy involves winnowing out weaker arguments to focus on those more likely to prevail. *Mintun*, 144 Idaho at 661, 168 P.3d at 45. For example, a defendant does not have a constitutional right to compel his appointed appellate counsel to raise all nonfrivolous arguments. *Id.* As such, while a petitioner may raise a claim of ineffective assistance of appellate counsel for failing to raise a specific claim, it is difficult to demonstrate that counsel's performance was deficient in this regard; the petitioner must show that counsel made an objectively unreasonable decision to omit the claim. *Dunlap v. State*, 159 Idaho 280, 296, 360 P.3d 289, 305 (2015); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Establishing appellate counsel's performance was deficient is insufficient because, under the second prong of *Strickland*, the petitioner must also establish that he was prejudiced by the deficiency. *Dunlap*, 159 Idaho at 297, 360 P.3d at 306; *see also Robbins*, 528 U.S. at 285 (holding if petitioner succeeds in showing deficient performance, he then has burden of demonstrating prejudice). To prove that appellate counsel's deficient performance prejudiced the defendant, the

5

petitioner must establish that, but for counsel's errors, a reasonable probability exists that the defendant would have prevailed on appeal. *Dunlap*, 159 Idaho at 297, 360 P.3d at 306. A reasonable probability is a probability sufficient to undermine confidence in the outcome, which requires a substantial, not just conceivable, likelihood of a different result. *Id.*

Accordingly, to avoid summary dismissal, Zavala was required to allege a genuine issue of material fact that his appellate counsel was objectively unreasonable for not raising the issue that the trial court erred by failing to sua sponte order a competency evaluation and hold a competency hearing *and* a genuine issue of material fact that had appellate counsel raised the issue, there is a reasonable probability that Zavala would have prevailed on appeal. Zavala failed to establish a genuine issue of material fact under both prongs.

In the trial court, Zavala argued that "the record as a whole indicates that the Court should have had a reasonable doubt concerning Petitioner's competency to waive his Sixth Amendment right to counsel and represent himself at trial." In support of this claim, Zavala cites *State v. Hawkins*, 148 Idaho 774, 229 P.3d 379 (Ct. App. 2009) (*Hawkins I*). The trial court also relied on *Hawkins I* as follows:

> Where the record as a whole indicates that the trial court should have entertained a bona fide doubt as to a defendant's mental competency to represent himself, the trial court abuses its discretion when it does not *sua sponte* order a psychological evaluation and conduct a hearing to determine the defendant's competence. *Hawkins*, 148 Idaho at 783, 229 P.3d at 388.

To the extent the parties and the trial court relied on *Hawkins I* as authority that a defendant has a due process right to a competency evaluation and hearing prior to allowing an individual to represent himself, that reliance is misplaced. The issue in *Hawkins I* was not whether Hawkins was competent to waive his Sixth Amendment right to counsel and represent himself, but instead, whether Hawkins was competent to stand trial. ("Hawkins contends that the failure of the district court to *sua sponte* order a psychiatric evaluation and to conduct a hearing to determine his competence to stand trial was an abuse of its discretion.") *Id*. at 777, 229 P.3d at 382. In *Hawkins I,* this Court specifically noted, "Our attention in this case, therefore, is upon whether in the course of Hawkins' self-representation, the district court should have considered *sua sponte* whether *Hawkins was competent to undergo trial*, and if so, whether Hawkins was rational enough to represent himself rather than be represented by counsel." *Id*. at 779, 229 P.3d at 384 (emphasis

added). This Court vacated Hawkins' conviction because there was a bona fide doubt about Hawkins' competence to stand trial. *Id*. at 783, 229 P.3d at 388.[1]

In this case, under the first prong of *Strickland*, Zavala asserts that he alleged a genuine issue of material fact regarding deficient performance because the competency claim is stronger than the claim appellate counsel raised and had support in the record. We are not persuaded. First, we disagree with Zavala's contention that appellate counsel is deficient when she declines to raise an issue that is stronger than the raised claim. As noted above, this is only one factor in determining whether appellate counsel acted objectively unreasonably in omitting a claim on appeal. Second, Zavala's argument that a petitioner shows deficient performance by asserting that the unraised claim had support in the record of the criminal proceeding is incorrect. Even if there is support for a claim in the record, that does not necessarily mean the claim is meritorious or that it should be raised on appeal. *See Mintun*, 144 Idaho at 661, 168 P.3d at 45 (holding it is not deficient performance to decline to raise nonfrivolous issues on appeal). Without providing any explanation

---

[1]     Additionally, the issue raised by Zavala in this case was squarely addressed and rejected by the Idaho Supreme Court in *State v. Hawkins*, 159 Idaho 507, 363 P.3d 348 (2015) (*Hawkins III*). The relevant issue in *Hawkins III* was whether the district court's decision to permit Hawkins to exercise his right of self-representation was unconstitutional. *Id*. at 516, 363 P.3d at 357. Hawkins argued that *Indiana v. Edwards*, 554 U.S. 164 (2008) holds a higher standard of competence is required to permit a defendant to self-represent than to stand trial. *Hawkins*, 159 Idaho at 516, 363 P.3d 357. Because the district court did not determine whether Hawkins met this higher standard, Hawkins argued the district court erred in permitting him to represent himself. *Id*. The Supreme Court rejected this argument.

The Supreme Court noted that the relevant appellate standard of review for alleged claims of constitutional error that are not preserved by objection is the fundamental error test set forth in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010). *Hawkins III*, 159 Idaho 507, 515, 363 P.3d 348, 358. The Court explained that the issue in *Hawkins III* was whether the State was required to deny a defendant's constitutional right of self-representation. *Id*. at 516, 363 P.3d at 358. Following other courts, the Idaho Supreme Court held that *Edwards* does not give a defendant "a constitutional right to have his request for self-representation denied." *Hawkins*, 159 Idaho at 516, 363 P.3d at 357. Because Hawkins had no constitutional right to have his request to self-represent denied, the Supreme Court held there was no clear violation of Hawkins' constitutional right, and thus, having failed to meet the first part of the fundamental error test, there was no reason to further analyze the claim. *Id*.

As in *Hawkins III*, Zavala cannot establish he was entitled to additional protections before being permitted to exercise his constitutional right to self-representation. In the absence of any constitutional violations, Zavala failed to allege a genuine issue of material fact regarding either prong of the *Strickland* standard as it relates to his appellate counsel in the underlying criminal case.

of how the competency claim would have prevailed on appeal, Zavala can only establish that appellate counsel had two potential claims to raise on appeal, both of which had some support in the appellate record, but neither of which was necessarily meritorious. As such, Zavala did not allege a genuine issue of material fact that appellate counsel rendered deficient performance by failing to raise the competency claim.

Even if Zavala sufficiently alleged deficient performance, he failed to establish a genuine issue of material fact that he was prejudiced by his appellate counsel's omission of the competency claim because he fails to sufficiently argue (and adequately support such argument) that any error actually affected the outcome of the proceeding--i.e., that he would have prevailed on appeal. In his effort to show prejudice, Zavala repeatedly asserts the competency issue was stronger than the sole issue appellate counsel raised and this comparison demonstrates prejudice. In support of this assertion, Zavala relies on the Idaho Supreme Court's decision in *Dunlap*. However, as previously discussed, the *Dunlap* decision held that a comparison of the omitted claim to the claim(s) actually raised by appellate counsel is to be considered when analyzing deficient performance. *Dunlap*, 159 Idaho at 296-97, 360 P.3d at 305-06 (holding appellate counsel's failure to raise claim on appeal may constitute deficient performance when omitted claim was clearly stronger than the claim(s) presented). While comparing an omitted claim to the claim(s) raised may be relevant to whether appellate counsel acted reasonably by omitting the issue, such comparison does little to establish whether the appellant would have prevailed if counsel had raised the omitted claim. To establish prejudice, appellant must show that the omitted claim is independently meritorious. *See id.* Because a court may dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice and Dunlap failed to show he was prejudiced by his appellate counsel's failure to raise the claim at issue, the Court in *Dunlap* never analyzed whether counsel was deficient and, thus, never compared the omitted claim to those raised on appeal. *Id.* at 297-304, 360 P.3d at 306-313. Thus, contrary to Zavala's argument, *Dunlap* does not stand for the proposition that a petitioner may establish prejudice by showing the omitted issue is stronger than the issue(s) appellate counsel raised.

Next, Zavala argues he was prejudiced by counsel's failure to raise the competency issue because "[t]here is a reasonable probability that had [appellate counsel raised the competency issue], the appellate court would have found a bona fide doubt in the trial record and [error] in the trial court's failure to sua sponte order a competency evaluation." This statement is bare and

conclusory and, as such, is insufficient to create a genuine issue of material fact. Consequently, Zavala was not entitled to an evidentiary hearing on this claim. Without alleging more than a bare conclusion there was reasonable probability of prevailing on appeal for the unraised issue, Zavala failed to allege a genuine issue of material fact that would warrant reversal of the district court's summary dismissal of his petition for post-conviction relief.

## IV.

## CONCLUSION

Zavala did not allege a genuine issue of material fact that appellate counsel was deficient or that he was prejudiced by appellate counsel's omission of a claim that the trial court erred by failing to sua sponte order a competency evaluation prior to trial. Accordingly, the district court did not err by summarily dismissing Zavala's petition for post-conviction relief. The judgment summarily dismissing Zavala's petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.